UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARCIA GORDON-WEEKES,

Plaintiff,

vs.

NEW YORK PSYCHOTHERAPY AND COUNSELING CENTER AND ERIC BETTLEHEIM,

Defendants.

06 CV 3829

NOTICE OF REMOVAL

TO THE CLERK OF THE COURT

Pursuant to 28 U.S.C. § 1441 and 1446, Defendant New York Psychotherapy and Counseling Center ("NYPCC" or the "Removing Party") hereby gives this notice of the removal of Case No. 14591-06, pending in the Supreme Court of the State of New York, County of Bronx to the United States District Court for the Southern District of New York. Attached hereto as Exhibit A are true and correct copies of the Summons and Verified Complaint served on Defendant NYPCC, which upon information and belief constitute all pleadings, process or orders served upon Defendant NYPCC in the state court action. In support of this Notice of Removal, Defendant NYPCC respectfully states the following:

1.

This action is a civil action over which this Court has original jurisdiction. The Verified Complaint alleges a separate and independent cause of action under the laws of the United States. Specifically, Plaintiff alleges Defendant NYPCC willfully violated § 6(d), 29 U.S.C. § 206(d) of the Fair Labor Standards Act. *Verified Complaint* ¶ *25*. Plaintiff further alleges she is entitled to relief as provided by the Fair Labor Standards Act § 16(b), 29 U.S.C. § 216(b). *Verified Complaint* ¶ *26*.

2.

In the Verified Complaint, Plaintiff also asserts three non-removable causes of action: (a) Plaintiff alleges Defendant NYPCC willfully violated New York Labor Law § 194, and as a result, Plaintiff alleges she is entitled to relief under New York Labor Law § 198, *Verified Complaint ¶ 22 and 23*; (b) Plaintiff alleges Defendant Bettelheim (incorrectly identified as Eric Bettleheim) assaulted her in the course of, and in furtherance of, his employment with Defendant NYPCC, and as a result, the Removing Party and Defendant Bettelheim are liable for compensatory damages in an amount to be determined at trial, but no less than $200,000 and punitive and exemplary damages in an amount to be determined at trial, but no less than $200,000, *Verified Complaint ¶ 30-40;* and (c) Plaintiff alleges Defendant Bettelheim committed battery, and as a result, the Removing Party and Defendant Bettelheim are liable for compensatory damages in an amount to be determined at trial, but no less than $200,000 and punitive and exemplary damages in an amount to be determined at trial but no less than $200,000, *Verified Complaint ¶ 42-47.*

3.

Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction of civil actions arising under the Constitution, laws or treaties of the United States. When a separate and independent cause of action within the jurisdiction conferred by section 1331 is joined with one or more otherwise non-removable causes of action, the entire case may be removed. 28 U.S.C. § 1441(c). Removal of this action is appropriate because Plaintiff alleges a cause of action under the laws of the United States (Fair Labor Standards Act) and also alleges three otherwise non-removable causes of action (violations of New York Labor Law, assault and battery).

4.

In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30)

days after Defendant NYPCC's receipt of service of Plaintiff's Summons and Verified Complaint. Specifically, Defendant NYPCC was personally served with a copy of the Summons and Verified Complaint on May 10, 2006. Thus, the time for filing this Notice of Removal pursuant to 28 U.S.C. § 1446(b) has not expired.

5.

The other defendant in this action, Eric Bettelheim, has fully consented to the removal of this action from the Supreme Court of New York, County of Bronx to this federal District Court and has therefore executed a Consent to Removal (a copy of said Consent to Removal is attached hereto as Exhibit B).

6.

Pursuant to 28 U.S.C. § 1446(d), Defendant NYPCC will file a copy of this Notice of Removal with the Supreme Court of the State of New York, County of Bronx and will serve a copy on counsel for the Plaintiff.

WHEREFORE, Defendant respectfully requests that its Petition for Removal from the Supreme Court of the State of New York, County of Bronx to the United States District Court for the Southern District of New York be granted.

Respectfully submitted, this 18th day of May, 2006.

FORD & HARRISON LLP

By: ______________________
Philip K. Davidoff (PD 7488)

100 Park Avenue, Suite 2500
New York, New York 10017
(212) 453-5900

Attorneys for Defendants

New York Psychotherapy and Counseling Center
and Eric Bettelheim

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of May 2006 I served a copy of the foregoing Defendant New York Psychotherapy and Counseling Center's NOTICE OF REMOVAL via regular U.S. Mail, postage prepaid, upon the following:

Randall D. Bartlett Esq.
230 Park Avenue, Suite 864
New York, New York 10169

(718) 931-1799

Attorneys for Plaintiff Marcia Gordon-Weekes

Elisa B. Gilbert

Elisa B. Gilbert

Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

MARCIA GORDON-WEEKES,

Plaintiff,

-against-

NEW YORK PSYCHOTHERAPY AND COUNSELING CENTER and ERIC BETTLEHEIM,

Defendants.

Index. No. 14591-06

# SUMMONS

To the above named defendants:

**YOU ARE HEREBY SUMMONED** and required to serve upon plaintiff's attorney an answer to the complaint in this action within twenty days after the service of this summons, exclusive of the day of service, or within thirty days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of the venue designated is pursuant to CPLR § 503(a). Plaintiff's residence address is 2937 Lurting Avenue, Bronx, New York.

Dated: Bronx, New York
April 26, 2006

Randall D. Bartlett

Attorney for Plaintiff
230 Park Avenue, Suite 864
New York, New York 10169
718-931-1799

**Addresses of Defendants:**

NEW YORK PSYCHOTHERAPY AND COUNSELING CENTER
221-10 Jamaica Avenue, Suite 101
Queens Village, New York 11428

ERIC BETTLEHEIM
New York Psychotherapy and Counseling Center
221-10 Jamaica Avenue, Suite 101
Queens Village, New York 11428



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

MARCIA GORDON-WEEKES,

Plaintiff,

-against-

NEW YORK PSYCHOTHERAPY AND COUNSELING CENTER and ERIC BETTLEHEIM,

Defendants.

---

Index. No. 14591-06

VERIFIED COMPLAINT

2006 APR 27 PM 3:51
COUNTY CLERK
BRONX COUNTY
RECEIVED

Plaintiff Marcia Gordon-Weekes ("Weekes"), by her attorney Randall D. Bartlett, alleges as follows:

**PARTIES**

1. Weekes is a resident of the County of Bronx, City and State of New York.

2. Defendant New York Psychotherapy and Counseling Center ("NYPCC"), is, upon information and belief, a not-for-profit organization established pursuant to the laws of the State of New York, with its principal place of business in the County of Queens, City and State of New York.

3. Defendant Eric Bettleheim ("Bettleheim"), is, or at all times relevant was, an employee of NYPCC working at NYPCC's central office in Queens, New York.

**BACKGROUND ALLEGATIONS**

4. NYPCC is in the business of operating clinics in New York City.

5. NYPCC's clinics are set up to provide care for persons in need of mental health services.

6. Weekes holds a Masters Degree in Social Work, which she received from Columbia University in 1978.

7. In November 1986, NYPCC hired Weekes and gave her the job title of Assistant Director of Operations.

8. As the Assistant Director of Operations, Weekes supervised the work of clinic Administrators, who reported to her and the Director of Operations.

9. Weekes was also responsible for 1) making regular visits to NYPCC's seven clinics to monitor their delivery of services, 2) writing utilization reviews, 3) representing the agency in meetings, 4) filling in for the administrators under her when they were absent from work and 5) running the day-to-day operations of the East New York Day Treatment Program clinic.

10. In 1998 or 1999, Weekes's immediate supervisor, the Director of Operations, left his employment with NYPCC.

11. After the departure of the Director of Operations, NYPCC did not fill the vacancy created.

12. Instead, Weekes continued to function in the role of Assistant Director, with the same duties as before.

13. In or about April 30, 2001, NYPC made Weekes its Director of Development and gave her a raise in pay.

14. As the Director of Development, Weekes continued to function as described above but her duties were further expanded to include, *inter alia*, 1) marketing, 2) maintaining regular channels of communication with other agencies and governmental bodies, 3) running programs and training clinic administrator as it related to the continuing day treatment programs and the free standing out-patient clinic in Brooklyn, 4) preparing for audits, 5) participating in staff training and 6) interviewing and hiring potential staff members for all of NYPCC's sites.

15. NYPCC employed Weekes for nineteen and one-half years during which it gave her satisfactory rating on every evaluation.

16. On August 31, 2006, NYPCC told Weekes that she could no longer continue as its Director of Development.

17. On the aforesaid date, NYPCC refused to tell Weekes that she was fired or give her anything in writing to reflect NYPCC's decision as aforesaid.

**FOR A FIRST CAUSE OF ACTION**
**(Violation of New York Labor Law)**

18. Plaintiff realleges and restates each of the foregoing allegations with the same force and effect as though each such allegation is set forth herein at length.

19. At all times relevant, Weekes was the only woman who held the title, or performed the work, of an NYPCC Director.

20. On information and belief, the other male NYPCC's Directors earned a salary much greater than that of Weekes.

21. On information and belief, Weekes's duties and responsibilities required skill, effort and responsibility equal to those of one or more of NYPCC's male Directors.

22. For the foregoing reasons, NYPCC is liable to Weekes for its willful violation of New York Labor Law § 194.

23. Further, Weekes is entitled to recover from NYPCC liquidated damages, attorney fees and any other relief as provided by New York Labor Law § 198.

**FOR A SECOND CAUSE OF ACTION**
**(Violation of the Fair Labor Standards Act)**

24. Plaintiff realleges and restates each of the foregoing allegations with the same force and effect as though each such allegation is set forth herein at length.

25. For the foregoing reasons, NYPCC is liable to Weekes for its willful violation of the Fair Labor Standards Act § 6(d), 29 U.S.C. § 206(d).

26. Further, Weekes is entitled to recover from NYPCC liquidated damages, attorney fees and any other relief as provided by the Fair Labor Standards Act § 16(b), 29 U.S.C. § 216(b).

**FOR A THIRD CAUSE OF ACTION**
**(Assault by Bettleheim)**

27. Plaintiff realleges and restates each of the foregoing allegations with the same force and effect as though each such allegation is set forth herein at length.

28. At all times relevant, Bettleheim was one of NYPCC's Directors.

29. While leaving NYCPP, Weekes went to NYPCC's parking lot and entered the car that she had parked there.

30. After Weekes had started the car and it was running and in gear, Bettleheim approached and demanded that Weekes give him the keys to the car.

31. When Weekes refused to do so, Bettleheim put his arm through the open driver-side car window.

32. Thereupon, Bettleheim abruptly moved his arm so that it came dangerously close to striking Weekes.

33. Bettleheim's acts, as aforesaid, caused Weekes to fear for her immediate safety and wellbeing.

34. Bettleheim knew, or reasonably should have known, that his intrusion into Weekes's car would cause her apprehension and fear.

35. Moreover, Bettleheim knew, or reasonably should have known, that his acts, as aforesaid, were offensive to Weekes's sense of personal dignity.

36. Bettleheim committed the aforesaid acts with the intention of putting Weekes in fear and to make her feel demeaned.

37. Bettleheim committed the aforesaid acts in reckless disregard of Weekes's sense of personal safety and dignity.

38. Bettleheim committed the aforesaid acts during the course of, and in furtherance of, his employment with NYPCC.

39. For the foregoing reasons, defendants are liable to Weekes for compensatory damages in an amount to be determined at trial but no less than $200,000.

40. For the foregoing reasons, defendants are also liable to Weekes for punitive and exemplary damages in an amount to be determined at trial but no less than $200,000.

**FOR A FOURTH CAUSE OF ACTION**
**(Battery by Bettleheim)**

41. Plaintiff realleges and restates each of the foregoing allegations contained in paragraphs 1 through 21 and 28 through 38 with the same force and effect as though each such allegation is set forth herein at length.

42. Bettleheim forcibly caused Weekes to lose control of the car so that it lurched forward.

43. After Weekes was able to stop the car, Bettleheim, in his attempt to forcibly remove the keys from the ignition, struck Weekes's hand.

44. Bettleheim's acts, aforesaid, were offensive to Weekes's sense of personal dignity and constituted a violation of Weekes's right to have security in her person.

45. Bettleheim, by committing the aforesaid acts intended to, or reasonably should have known that he would, cause Weekes to feel frightened, humiliated and degraded.

46. For the foregoing reasons, defendants are liable to Weekes for compensatory damages in an amount to be determined at trial but no less than $200,000.

47. For the foregoing reasons, defendants are liable to Weekes for punitive and exemplary damages in an amount to be determined at trial but no less than $200,000.

**WHEREFORE**, plaintiff Marcia Weekes respectfully demands judgment in her favor against defendants as follows:

a. on the first cause of action, an amount to be determined at trial equal to the back pay due to Weekes under the labor laws of the State of New York, plus attorney fees, costs, liquidated damages and interest;

b. on the second cause of action, an amount to be determined at trial equal to the back pay due to Weekes under the labor laws of the United States, plus attorney fees, costs and liquidated damages;

c. on the third cause of action, compensatory, punitive and exemplary damages in an amount to be determined at trial but no less than $200,000, plus interest, attorney's fees, costs and disbursements;

c. on the fourth cause of action, compensatory, punitive and exemplary damages in an amount to be determined at trial but no less than $200,000, plus interest, attorney's fees, costs and disbursements; and

d. for such other and further relief that this court deems to be just and proper.

Dated: Bronx, New York
April 26, 2006

By: [signature]

Randall D. Bartlett
Attorneys for Plaintiff
1913 Tomlinson Avenue
Bronx, New York 10461
718-931-1799

VERIFICATION

COUNTY OF BRONX )
)SS.:
STATE OF NEW YORK )

I, Marcia Gordon-Weekes, being duly sworn, depose and say:

1. I am the plaintiff in this action.

2. The allegations set forth in the complaint are based on my personal knowledge and are true except those alleged on information and belief, and as to those matters, I believe them to be true.

Marcia Gordon-Weekes

Sworn to before me this 26th
day of April, 2006.

NOTARY PUBLIC

RANDALL D. BARTLETT
Notary Public, State Of New York
No. 02BA4941991
Qualified In New York County
Commission Expires March 9, 2007

Exhibit B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MARCIA GORDON-WEEKES,

Plaintiff,

vs.

NEW YORK PSYCHOTHERAPY AND COUNSELING CENTER AND ERIC BETTLEHEIM,

Defendants.

**CONSENT TO REMOVAL**

ERIC BETTELHEIM (incorrectly identified in the caption as Eric Bettleheim), a co-defendant in the above-entitled action, by his attorneys, Ford & Harrison, joins in the Notice of Removal filed in this action by defendant New York Psychotherapy and Counseling Center, and further consents to the removal of the above-entitled action from the New York State Supreme Court for the County of Bronx (Index No. 14591-06) to this federal District Court as if co-defendant ERIC BETTELHEIM had executed the aforementioned notice as joint removing party.

Dated: May 18, 2006
New York, New York

**FORD & HARRISON LLP**

By: ______________________
Philip K. Davidoff (PD 7488)

100 Park Avenue, Suite 2500
New York, NY 10017
(212) 453-5900
(212) 453-5959 (fax)
pdavidoff@fordharrison.com

Attorneys for Defendants
New York Psychotherapy and Counseling Center and Eric Bettelheim

Randall D. Bartlett Esq.
230 Park Avenue, Suite 864
New York, New York  10169
(718) 931-1799

Attorneys for Plaintiff
Marcia Gordon-Weekes

NEW YORK:42221.1
5/18/06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARCIA GORDON-WEEKES

Plaintiff,

-against-

NEW YORK PSYCHOTHERAPY AND COUNSELING CENTER AND ERIC BETTLEHEIM

Defendants,

# Notice of Removal

FORD & HARRISON LLP

*Attorneys for* **DEFENDANTS**
Philip K. Davidoff, Esq.

*Office and Post Office Address, Telephone*

100 PARK AVENUE, SUITE 2500

NEW YORK, NY. 10017

(212) 453-5900